FILED
SUPERIOR COURT
OF GUAM

2018 MAY -8 PM 1:49

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,                          )    CRIMINAL CASE NO. CF0346-17
                                         )
              v.                         )
                                         )    DECISION AND ORDER ADMITTING
KENNETH LEON GUERRERO NINETE,            )    GPD LABORATORY WORKSHEET OVER
                                         )    DEFENDANT'S OBJECTION
              DEFENDANT.                 )
                                         )

## Introduction

This matter came before the Honorable Maria T. Cenzon during the third day of jury trial for Kenneth Leon Guerrero Ninete ("Defendant"). On April 6, 2018, Defendant objected to the admission of the Guam Police Department's ("GPD") Laboratory Worksheet (hereinafter "Exhibit 27(a) and (b)"). Defendant was represented by the Assistant Public Defender William Bischoff. The People of Guam were represented by Assistant Deputy Attorney General James Collins and Assistant Attorney General Terry VanEaton. Having reviewed the record and the relevant law, the Court ruled from the bench OVERRULING Defendant's objection to admit Exhibit 27(a) and (b).

## Background

Defendant was indicted on two counts of First Degree Criminal Sexual Conduct (as a First Degree Felony) and three counts of Second Degree Criminal Sexual Conduct (as a First Degree Felony). Jury trial commenced on April 4, 2018 and the presentation of evidence concluded on April 9, 2018.

On April 6, 2018, the People proffered the testimony of Criminalist III Erlinda Valencia ("Valencia"). After asking a series of questions regarding her qualifications, Valencia was

deemed an expert in serology testing.[1] Valencia was also asked questions regarding the protocol of GPD's crime lab in serology testing. Valencia testified that upon receiving a rape kit from Healing Hearts, an inventory of the items received is made and an examination is performed on these items. The first test is a preliminary test also known as acid phosphatase test. Then, a confirmatory test also known as the P-30 Test is conducted to confirm the presence of semen.[2]

The People then posed a series of questions regarding the serology testing conducted in this case, specifically to the vaginal and cervical swabs collected from the alleged victim. Valencia confirmed that semen was found on those swabs by Criminalist II Feliza Pineda ("Pineda") as evidenced by her report in Exhibit 27(a) and (b). Valencia confirmed that she conducted an administrative and technical review of Pineda's report, thus her signature is also found at the bottom of the report. Valencia testified that the purpose of the administrative review was to ensure the report is "clear and complete and also free of grammatical error" and the technical review was "to ensure that the examinations and results conducted support the conclusion."[3] The People then moved to admit Exhibit 27(a) and (b).

Defendant was granted leave to *voir dire* Valencia regarding her involvement in this case. Defendant asked:

Q: Did you participate in the testing of these swabs?
A: No, Sir.
Q: Did you even have/possess the swabs in your custody at any time during this entire process?
A: No, because these are assigned by other criminalists.
Q: All you're saying there is that you looked at somebody else's paperwork and approved it?
A: Yes, this was done by Mrs. Pineda and I reviewed her report.
Q: You were not there when the testing was done?
A: No, because she was trained to do the analysis.
Q: You don't know if she conducted the test properly because you were not there?
A: She was trained to do the analysis. She is doing independent testing already.

---

[1] Digital Recording at 11:08:39 (Jury Trial Day #3, Apr. 6, 2018).
[2] *Id.* at 11:09:10 to 11:10:29.
[3] *Id.* at 11:15:55.

> ...
>
> Q: Were you there when she actually conducted the test to see that nothing was tainted, contaminated?
>
> A: No.

*Id.* at 11:18:04. After the *voir dire*, Defendant objected to the admission of Exhibit 27(a) and (b), the Court briefly took the matter under advisement, but permitted the People to ask questions regarding the report. It was revealed that Pineda is "seriously ill" and has been on medical leave since November of 2017.[4] On April 9, 2018, after returning for Jury Trial Day #4, the Court ruled from the bench OVERRULING Defendant's objection and admitting Exhibit 27(a) and (b) into evidence.

## Law

At issue is whether the Court properly admitted Exhibit 27(a) and (b) through the testimony of Valencia, a person who did not conduct the actual testing of the swabs.

Defendant objects to the admission of the Exhibits through the testimony of Valencia, arguing that she lacks personal knowledge since she did not specifically conduct the serology tests.

Defendant relies on Rule 602 of the Guam Rules of Evidence, the rule in relevant part provides, "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony."

First, the Court recognizes that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. Const. amend. VI. *Crawford v. Washington* held that the Confrontation Clause confers a right to confront "those who 'bear testimony' " against the defendant. 541 U.S. 36, 51, 124 S.Ct. 1354, 1364, 158 L.Ed.2d 177 (2004). Therefore, the testimonial statements are inadmissible unless the witness is unavailable and the defendant had a prior opportunity for cross-examination. *Id.* at 68, 124 S.Ct. at 1374. Forensic laboratory reports are considered "testimonial" under the Confrontation Clause and thus

---

[4] *Id.* at 11:20:58.

inadmissible without offering a live witness to testify to the truth of the report's statements. *Melendez–Diaz v. Massachusetts,* 129 S.Ct. 2257, 2530–32, 2542 (2009). However, the Supreme Court of the United States recognized that laboratory work usually involves several analysts and it is not necessary that "every witness who handled the evidence testify." *Id.* at 2546.

In this case, the Court primarily relied upon *Bullcoming v. New Mexico.* In *Bullcoming,* the Supreme Court of the United States held that a defendant had the right to confront the analyst who certified blood-alcohol analysis report and the report was testimonial within the meaning of the Confrontation Clause. 564 U.S. 647 (2011). The Defendant in *Bullcoming* was charged with driving while intoxicated. During his trial, the government introduced a forensic laboratory report certifying that his blood-alcohol concentration was well above the threshold for aggravated DWI through the testimony of analyst Razatos. Caylor, the analyst who performed the examination, did not testify at trial because he was placed on unpaid leave. Razatos played no role in the preparation of the report, but oversees the blood alcohol program.

The Court distinguished the facts of this case from *Bullcoming.* In this case, the Government offered the testimony of Valencia, a supervisor, who was involved in generating the report. *Bullcoming,* 564 U.S. at 672 (Concurring opinion recognizing circumstances would be different if "the person testifying is a supervisor, reviewer, or someone else with a personal, albeit limited connection to the scientific test at issue.") In addition, Valencia's name appeared on the report, actually conducted the administrative and technical review of these reports, and testified about Pineda's absence based on her supervisory role. *Id.* 564 U.S.at 677 (Compare to testifying analyst in *Bullcoming* whose name did not appear on the report; [] did not receive the sample, perform the analysis, or complete the review; and [] did not know the reason for some personnel decisions.") The Court also finds that unlike DNA evidence, a serology examination only confirms the presence of bodily fluids. *People v. John,* 27 N.Y.3d 294, 303, 52 N.E.3d 1114, 1119 (2016) (holding there is no dispute that DNA evidence is powerful forensic evidence in determining either the guilt or the innocence of an accused.)

//

## Conclusion

For the reasons provided above, the Court properly OVERRULED Defendant's objection and found Exhibit 27(a) and (b) admissible.

SO ORDERED this _____ MAY 0 8 2018 _____, *nunc pro tunc* April 9, 2018.

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

Date: Time:

Deputy Clerk, Superior Court of Guam

*People v. Kenneth Leon Guerrero Ninete.*; CF0346-17
D&O Admitting Exhibit 27 (a) and (b) over Defendant's Objection
Page 5 of 5